TIMOTHY COURCHAINE
United States Attorney
District of Arizona

PATRICK E. CHAPMAN
Assistant United States Attorney
Arizona State Bar No. 025407
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Patrick.Chapman@usdoj.gov
Attorneys for Plaintiff

FILED ✓    LODGED ___
RECEIVED ___    COPY ___

APR 0 8 2026

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

REDACTED FOR
PUBLIC DISCLOSURE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No.   CR-26-00326-PHX-SMB (ASB) |
|---|---|
| Plaintiff, | **I N D I C T M E N T** |
| vs. | VIO:   18 U.S.C. §§ 924(a)(1)(A) and 2 (False Statement During the Purchase of a Firearm, Aid and Abet) Counts 1, 3, and 6 |
| Esteban Yanez, | 31 U.S.C. §§ 5331(a), 5322(b), and 31 C.F.R. § 1010.330(a) (Failure to File Forms 8300 Relating to Cash Received in Trade or Business) Counts 2, 5, and 8 |
| Defendant. | 18 U.S.C. §§ 932(b)(1), 932(c)(1), and 2 (Straw Purchasing of Firearms, Aid and Abet) Counts 4 and 7 |
|  | 18 U.S.C. §§ 924(d), 934, and 981, 21 U.S.C. § 853, 28 U.S.C. § 2461(c), and 31 U.S.C. § 5317 (Forfeiture Allegation) |

**THE GRAND JURY CHARGES:**

<u>**COUNT 1**</u>

On or about October 21, 2025, in the District of Arizona, Defendant ESTEBAN YANEZ, aided and abetted a person who knowingly made a false statement and

representation to The Armory at Virtus Armament, also known as Virtus Armament, The Armory, which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of The Armory at Virtus Armament, also known as Virtus Armament, The Armory, in that the person did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, stating that they were the actual transferee/buyer, whereas in truth and fact, they were purchasing the firearm on behalf of another person.

In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

**COUNT 2**

On or about October 10, 2025, in the District of Arizona, Defendant ESTEBAN YANEZ, received more than $10,000 in currency in connection with a transaction relating to the purchase of a firearm at The Armory at Virtus Armament, also known as Virtus Armament, The Armory, a non-financial trade or business, and did willfully fail to file a report, to wit: Form 8300 with Financial Crimes Enforcement Network , as prescribed by the applicable statute and regulations.

In violation of Title 31, United States Code, Sections 5331(a) and 5322(b), and Title 31, Code of Federal Regulations, Section 1010.330.

**COUNT 3**

On or about November 5, 2025, in the District of Arizona, Defendant ESTEBAN YANEZ, aided and abetted a person who knowingly made a false statement and representation to The Armory at Virtus Armament, also known as Virtus Armament, The Armory, which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of The Armory at Virtus Armament, also known as Virtus Armament, The Armory, in that the person did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, stating that they were the actual transferee/buyer, whereas in truth and

fact, they were purchasing the firearm on behalf of another person.

In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

## COUNT 4

On or about November 5, 2025, in the District of Arizona, Defendant ESTEBAN YANEZ, aided and abetted a person who knowingly purchased a firearm, to wit: a Barrett, 82A1, .50 caliber BMG rifle, serial number AA019486, in or otherwise affecting interstate or foreign commerce, for, on behalf of, and at the request and demand of another person, knowing or having reasonable cause to believe that the other person had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.

In violation of Title 18, United States Code, Sections 932(b)(1), 932(c)(1), and 2.

## COUNT 5

On or about October 29, 2025, in the District of Arizona, Defendant ESTEBAN YANEZ, received more than $10,000 in currency in connection with a transaction relating to the purchase of a firearm at The Armory at Virtus Armament, also known as Virtus Armament, The Armory, a non-financial trade or business, and did willfully fail to file a report, to wit: Form 8300 with Financial Crimes Enforcement Network , as prescribed by the applicable statute and regulations.

In violation of Title 31, United States Code, Sections 5331(a) and 5322(b), and Title 31, Code of Federal Regulations, Section 1010.330.

## COUNT 6

On or about February 5, 2026, in the District of Arizona, Defendant ESTEBAN YANEZ, aided and abetted a person who knowingly made a false statement and representation to The Armory at Virtus Armament, also known as Virtus Armament, The Armory, which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of The Armory at Virtus Armament, also known as Virtus Armament, The Armory, in that the person did execute a Department of

- 3 -

Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, stating that they were the actual transferee/buyer, whereas in truth and fact, they were purchasing the firearms on behalf of another person.

In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

## COUNT 7

On or about February 5, 2026, in the District of Arizona, Defendant ESTEBAN YANEZ, aided and abetted a person who knowingly purchased firearms, to wit: one Barrett, 82A1, .50 caliber BMG rifle, serial number AA019091, and one Sig Sauer, P365 9mm pistol, serial number 2A005617, in or otherwise affecting interstate or foreign commerce, for, on behalf of, and at the request and demand of another person, knowing or having reasonable cause to believe that the other person had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.

In violation of Title 18, United States Code, Sections 932(b)(l), 932(c)(l), and 2.

## COUNT 8

On or about January 28, 2026, in the District of Arizona, Defendant ESTEBAN YANEZ, received more than $10,000 in currency in connection with a transaction relating to the purchase of a firearm at The Armory at Virtus Armament, also known as Virtus Armament, The Armory, a non-financial trade or business, and did willfully fail to file a report, to wit: Form 8300 with Financial Crimes Enforcement Network , as prescribed by the applicable statute and regulations.

In violation of Title 31, United States Code, Sections 5331(a) and 5322(b), and Title 31, Code of Federal Regulations, Section 1010.330.

## FORFEITURE ALLEGATION

The Grand Jury realleges and incorporates the allegations of Counts 1 – 8 of this Indictment, which are incorporated by reference as though fully set forth herein.

Pursuant to Title 18, United States Code, Sections 924(d), 934, and 981, Title 21, United States Code, Section 853, Title 31, United States Code, Section 5317, and Title 28, United States Code, Section 2461(c), and upon conviction of the offenses alleged in Counts

1 – 8 of this Indictment, the defendant shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the persons obtained, directly or indirectly, as the result of the offenses, and (b) any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offenses, including, but not limited to the following property involved and used in the offense:

A sum of money equal to at least $263,905 in United States currency, representing the amount of money involved in the offenses.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendant up to the value of the above-described forfeitable property, pursuant to Title 21, United States Code, Section 853(p).

//
//
//
//
//
//
//
//
//

- 5 -

All in accordance with Title 18, United States Code, Sections 924(d), 934 and 981, Title 21, United States Code, Section 853, Title 31, United States Code, Section 5317, and Title 28, United States Code, Section 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

_S/_
FOREPERSON OF THE GRAND JURY
Date: April 8, 2026

TIMOTHY COURCHAINE
United States Attorney
District of Arizona


_S/_
PATRICK E. CHAPMAN
Assistant U.S. Attorney